# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re MICHAEL A. PINK and  )
SHARON PORTER,             )
                           )    No. 11 C 6003
                           )
        Debtors.           )

## MEMORANDUM OPINION

Before the court is the motion of the Chapter 7 Trustee pursuant to Federal Rule of Bankruptcy Procedure 8020 for an award of the attorneys' fees and costs that the bankruptcy estate incurred in defending this bankruptcy appeal. For the reasons explained below, the Trustee's motion is granted.

## BACKGROUND

In October 2010, Michael A. Pink and Sharon Porter (the "debtors" or the "appellants") filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On their bankruptcy schedules, the debtors claimed $139,000.00 held in Citibank accounts by their Panamanian attorney, Gilberto Arosemena, as exempt from inclusion in the bankruptcy estate under 735 ILCS 5/12-1006(a), the exemption for retirement plans. The Chapter 7 Trustee, Barry A. Chatz, objected to the debtors' claim of exemption and moved for turnover of the funds claimed as exempt. Bankruptcy Judge Goldgar ruled that the funds were not exempt,

sustaining the Trustee's objection and granting the turnover motion. The debtors appealed from the bankruptcy court's ruling. In a memorandum opinion dated May 10, 2012, we affirmed the bankruptcy court's order.

Pursuant to Federal Rule of Bankruptcy Procedure 8020, the Trustee now moves for an award of $9,478.00 in attorneys' fees and $43.65 in costs that the Chapter 7 bankruptcy estate expended to defend the debtors' appeal.

## **DISCUSSION**

Federal Rule of Bankruptcy Procedure 8020 provides:

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond,[1] award just damages and single or double costs to the appellee.

The Advisory Committee Notes to Rule 8020 state that "[b]y conforming to the language of" Federal Rule of Appellate Procedure 38, Rule 8020 "recognizes that the authority to award damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeals."

Courts consider a variety of factors in deciding whether to award damages and costs under the Rule, such as whether the

---

[1] This requirement has been satisfied; the Trustee has filed a separate motion for damages and costs, and the debtors have filed a response.

argument presented on appeal was wholly meritless or merely in part; whether the appellant cited any authority in support of its argument or cited inapplicable authority; and whether the appellant made bare legal conclusions or unsubstantiated factual assertions. In re Busson-Sokolik, 635 F.3d 261, 270 & n.4 (7th Cir. 2011) (citing In re Maloni, 282 B.R. 727, 734 (B.A.P. 1st Cir. 2002)); see also Wiese v. Community Bank of Cent. Wis., 552 F.3d 584, 591 (7th Cir. 2009) ("An appeal is 'frivolous' if the result is obvious or the appellant's argument is wholly without merit.") (some internal quotation marks omitted). The court may also look at whether there was bad faith on the appellant's part, but bad faith is only one of the relevant factors and is generally not required in order to make an award under Rule 8020. Busson-Sokolik, 635 F.3d at 270 & n.4; Maloni, 282 B.R. at 734 ("Generally, sanctions will be imposed regardless of the motive of the appellant because the rule seeks to compensate an appellee who has had to waste time defending a meritless appeal.") (internal quotation marks omitted); see also Maxwell v. KPMG LLP, No. 07-2819, 2008 WL 6140730, at *4 (7th Cir. Aug. 19, 2008) (stating that, under Federal Rule of Appellate Procedure 38, the "standard is objective" and "depends merely on whether a party's arguments could reasonably be supposed to have any merit").

The issue for review in this appeal was whether section 12-1006 of the Illinois Code of Civil Procedure exempts assets that at

one time were held in an individual retirement account ("IRA") that satisfied the requirements of § 408 of the Internal Revenue Code (such as that of the debtors) but were removed from the account prior to the filing of a bankruptcy petition.  Bankruptcy Judge Goldgar had held that the exemption does not apply to these kinds of assets, basing his ruling on the language of the statute and Seventh Circuit case law.  He explained that the Seventh Circuit held in In re Weinhoeft, 275 F.3d 604, 606 (2001), that what matters for exemption purposes is whether the funds are held in a tax-qualified IRA on the petition date and not whether they had originated in an IRA.  We agreed with Judge Goldgar, noting that the Court in Weinhoeft had analyzed section 12-1006 as follows: "Th[e] statute covers two kinds of entitlements: rights 'to the assets *held in*' pension plans, and rights to '*receive* pensions . . . *under* a retirement plan.'"  275 F.3d at 605.  We also stated:

> Like the debtors in Weinhoeft, whom the Seventh Circuit concluded were not entitled to an exemption under § 12-1006, Mr. Pink and Ms. Porter do not claim rights to assets held in a retirement plan, nor do they claim an exemption for a right to receive a pension under a plan.  Instead, they claim a right to assets that were *once held in* a plan.  But the Seventh Circuit was very clear in Weinhoeft that the statute does not exempt such funds:
>> A pension trust is inalienable no matter how strong the creditor's equitable claim to the money, and funds *not* in pension trusts are alienable no matter how much the debtor would prefer to keep the value out of creditors' hands.  <u>The proof of this is the rule that as soon as funds are *withdrawn* from a plan, creditors can reach them freely.</u>  See <u>Velis v.</u>

> Kardanis, 949 F.2d 78, 82 (3d Cir. 1991). We
> see no reason why § 5/12-1006 should be
> construed to cover funds that are outside
> retirement plans. . . . It is not *origin* but
> *destination* that matters. If settlement funds
> are deposited in a retirement plan covered by
> either ERISA or state law such as § 5/12-1006,
> then they are exempt from creditors' claims <u>as
> long as they remain in that plan.</u>

In re Pink, No. 11 C 6003, 2012 WL 1655972, at *3-4 (N.D. Ill. May 10, 2012) (citing Weinhoeft, 275 F.3d at 606 (emphasis added)).

The Trustee contends that this appeal was frivolous because appellants in their opening brief failed to even mention Weinhoeft, let alone attempt to distinguish it, and failed to cite any authority in support of their argument that funds "derived from or traceable to retirement funds," even if held outside of a qualified retirement plan and derived from a lump-sum distribution from a plan, are exempt under § 12-1006. Further, only in their reply brief did the appellants address Weinhoeft--after the Trustee cited and discussed it in his response brief. The appellants made a very weak attempt to distinguish the case on its facts and completely failed to discuss the broad principles discussed by the Seventh Circuit.

The appellants argue that they had a good-faith basis for "advancing . . . an argument" that Weinhoeft was inapplicable. (Debtors' Resp. at 4.) They repeat their assertion that the "facts in this case are much different [than] that in Weinhoeft," Debtors' Resp. at 4, but they again fail to acknowledge Weinhoeft's holding

or to explain how its facts are *meaningfully* different. They also fail to explain why they did not address Weinhoeft in their opening brief, considering that it was the linchpin of Judge Goldgar's analysis.

In the Maxwell case, in which the Seventh Circuit imposed sanctions under Federal Rule of Appellate Procedure 38 on counsel for a bankruptcy trustee for filing a frivolous appeal, the Court observed that "an appellant's belief that cases the [lower court] relied on in ruling against him do not apply is not an excuse for failing to explain to [the appellate court] *why* they do not apply." 2008 WL 6140730, at *2. The Court also stated: "An appeal is frivolous when the result is foreordained by the lack of substance to the appellant's arguments. When a litigant utterly fails to address or challenge the [lower court's] grounds for ruling against him, his arguments can fairly be called lacking in substance." Id. (citation omitted).

The debtors filed their opening appellate brief from Judge Goldgar's decision in the face of Weinhoeft, which was dispositive contrary authority, without attempting to distinguish it or even mentioning it. And as we stated in our earlier ruling, the decisions that debtors did cite in their opening brief were inapposite, related to exemptions for social security and workers' compensation benefits, and some of these decisions were from other jurisdictions. In their reply brief, the debtors made a

disingenuous attempt to distinguish Weinhoeft. The debtors' appeal was wholly meritless. Accordingly, sanctions will be imposed. We will award the Trustee "just damages"--the estate's reasonable attorneys' fees--and single costs under Federal Rule of Bankruptcy Procedure 8020 as compensation for having to defend a frivolous appeal. The Trustee states that the bankruptcy estate expended $9,478.00 in attorneys' fees to defend the appeal and attaches a copy of the attorneys' time sheets to his motion. We have reviewed those time sheets and find that the time claimed appears reasonable. In addition, the Trustee seeks $43.65 for the transcription costs of Judge Goldgar's oral ruling. The total sanction, therefore, will be $9,521.65.

The final issue is whom to sanction. Again, we look to Maxwell, in which the Court noted that "[i]n their response to the motion for sanctions, counsel rehash the arguments they presented on appeal, attempting to explain how each was grounded in Illinois court law and . . . defending the fact that they ignored the cases cited by the district court because, in their view, those cases were inapposite." The Court held that "[t]o the extent that the sanction is meant to punish this 'ostrich-like' tactic, such punishment is more appropriately directed at counsel rather than Maxwell personally." 2008 WL 6140730, at *4. Likewise, we believe that the sanction in this case for the "ostrich-like" tactics we have described above is more appropriately directed at counsel for

the debtors, Bradley H. Foreman, rather than the debtors themselves.

## CONCLUSION

For the reasons explained above, the motion of Barry A. Chatz, Chapter 7 Trustee, for an award of attorneys' fees and costs pursuant to Federal Rule of Bankruptcy Procedure 8020 is granted. The debtors' attorney, Bradley H. Foreman, is ordered to pay to the Trustee a total of $9,521.65.

DATE:     November 5, 2012

ENTER:    _____
          John F. Grady, United States District Judge